Lajqi v. Holder

BIA
Burr, IJ
A096 415 135

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT:
PIERRE N. LEVAL,
GUIDO CALABRESI,
GERARD E. LYNCH,
  *Circuit Judges.*
_____

ENVER LAJQI, AKA PRIMOZ SKALAR,
AKA GREGOR GODLER,
  *Petitioner,*

   v.         13-4441
              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:  Peter D. Lobel, New York, New York.

FOR RESPONDENT:  Stuart F. Delery, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office

**of Immigration Litigation, U.S.**
**Department of Justice, Washington,**
**D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Enver Lajqi, a native of the former Yugoslavia and citizen of Kosovo, seeks review of an October 29, 2013 decision of the BIA, affirming the November 3, 2011 decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Enver Lajqi*, No. A096 415 135 (B.I.A. Oct. 29, 2013), *aff'g* A096 415 135 (Immig. Ct. N.Y. City Nov. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). The agency may, "[c]onsidering the totality of the circumstances," base

2

a credibility finding on an asylum applicant's demeanor, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Because Lajqi does not raise a challenge to the pretermission of his asylum application as untimely, he has waived that issue and we decline to consider it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, we consider only the agency's adverse credibility determination as it applies to withholding of removal and CAT relief.

Substantial evidence supports that determination, as it is properly based on inconsistencies between Lajqi's airport interview, and his asylum application and hearing testimony, which go directly to the basis of his claim for political persecution. Lajqi argues that his airport interview was unreliable. Where discrepancies arise from an applicant's statement in an airport interview, we examine the record of the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).

3

Here, the agency reasonably found that the record of Lajqi's airport interview was sufficiently reliable. Although not appearing to be a verbatim transcript, the interview bears the hallmarks of accuracy and reliability, including Lajqi's signed affirmation of its truthfulness. The questions posed were designed to elicit the details of an asylum claim, *e.g.*, "[d]o you have a fear or concern for your life, if you were removed from the United States?" There was no indication at the interview that Lajqi was reluctant to answer questions. Lastly, Lajqi was provided an interpreter. The record of the interview does not state the language in which the interview took place, but reflects that Lajqi confirmed he understood the immigration officer, gave coherent answers, and otherwise did not indicate any inability to understand.

Because the airport interview has sufficient indicia of reliability, the agency reasonably based its adverse credibility finding on Lajqi's failure to mention his alleged persecution. The agency was not required to credit Lajqi's explanation for this omission, which was that he was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an

4

explanation for inconsistent testimony unless the explanation would compel a reasonable fact-finder to do so).

The agency also reasonably disbelieved Lajqi's testimony that he did not know, at the time of the interview, that he could apply for political asylum.  He was aware at that time that his sister had received asylum in the United States.  Because the IJ's inference of implausibility was "tethered to the evidentiary record," we defer to that finding.  *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007).  Ultimately, substantial evidence supports the agency's adverse credibility determination because Lajqi's statements in 2004 contradict his asylum application, which was based on allegations of persecution predating the 2004 interview.  Because Lajqi's claim relied on his credibility, this determination precludes both withholding of removal and CAT relief as the claims are based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk